# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN P. DANIELS, SR., an individual,<br><br>         Plaintiff,<br><br>   vs.<br><br>FREEDOM MORTGAGE CORPORATION, a New Jersey Corporation, and DOES 1-50,<br><br>         Defendant. | Case No. 2:17-cv-00146-JAK-KS<br><br>Judge: Hon. John A. Kronstadt<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: December 5, 2016<br><br>Case Removed: January 6, 2017 |
| FREEDOM MORTGAGE CORPORATION, a New Jersey Corporation,<br><br>         Counter-Claimant,<br><br>   vs.<br><br>DEVIN P. DANIELS, SR., an individual,<br><br>         Counter-Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on June 30, 2017, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 9.2.1.2 and 16.1, and the Court's omission of paragraph 4.2, of the Stipulation.

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

To facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, and in order to protect the privacy rights of individuals whose personal, confidential, or otherwise protected information may be disclosed in the course of this lawsuit, the Parties to *Devin P. Daniels, Sr. v. Freedom Mortgage Corp.*, Plaintiff and Counter-Defendant Devin P. Daniels, Sr. ("Plaintiff") and Defendant and Counter-Claimant Freedom Mortgage Corporation ("Defendant") hereby stipulate as follows:

1. **DEFINITIONS**

    1.1. "Challenging Party" means a Party or Non-Party that objects to, and wishes to challenge, the designation of Confidential Materials and who serves Designation Objections upon the Designating Party in accordance with Section 8.2.1.

    1.2. "Court" means the Honorable John A. Kronstadt, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    1.3. "Confidential Materials" means any Documents, Testimony, or

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

Information (as defined below) designated as "CONFIDENTIAL" pursuant to the provisions of this Stipulated Protective Order.

1.4. "Counsel" means Outside Counsel and In-House Counsel, as well as their support staff.

1.5. "Designating Party" means the Party or Non-Party that designates Documents, Testimony, or Information as "CONFIDENTIAL" pursuant to this Stipulated Protective Order.

1.6. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Documents, Testimony, or Information, or any part thereof.

1.7. "Documents" means (i) any "writing," "recording," "photograph," "original," or "duplicate" (as those terms are defined by Rule 1001 of the Federal Rules of Evidence) produced in discovery in this Proceeding by any person; and (ii) any copies, reproductions, or summaries of all or any part of the foregoing. Without limiting the foregoing, "Documents" include handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

1.8. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or a Party's Counsel to serve as an expert witness or consultant in this Proceeding, including a professional jury or trial consultant retained in connection with this Proceeding.

1.9. "Information" means the content of Documents or Testimony.

1.10. "In-House Counsel" means attorneys who are employees of a Party and are also providing legal services or advice to the Party in connection with this action (as well as their internal support staff).

1.11. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity who is not named a Party (as defined below).

1.12. "Outside Counsel" means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their internal support staff).

1.13. "Parties" collectively refers to Plaintiff and Counter-Defendant Devin P. Daniels, Sr., and Defendant and Counter-Claimant Freedom Mortgage Corporation, (each of whom is individually a "Party"), including each Party's officers, directors, and employees and any consultants, experts, In-House Counsel, or Outside Counsel (and their support staff) retained in connection with the above-captioned matter.

1.14. "Privileged Material" means all Documents, Testimony, or Information, regardless of the medium or manner generated, stored, or maintained, that are subject to the attorney-client privilege and/or the attorney work product doctrine.

1.15. "Proceeding" means the above-entitled proceeding, *Devin P. Daniels, Sr. v. Freedom Mortgage Corp.*, which is currently designated as case number 2:17-cv-00146 in the United States District Court for the Central District of California.

1.16. "Producing Party" means the Party or Non-Party producing Documents, Testimony, or Information under the terms of this Protective Order.

1.17. "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

1.18. "Receiving Party" means the Party or Non-Party receiving Documents, Testimony, or Information under the terms of this Protective Order from a Designating Party.

1.19. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

**STIPULATED PROTECTIVE ORDER**

## 2. PURPOSES AND LIMITATIONS

2.1.    Disclosure and discovery activity in this action may involve production of confidential, commercially sensitive, proprietary, or private information for which special protection from public disclosure and from uses other than the litigation of this matter may be warranted, including, but not limited to, personal information about the Parties and/or third parties that is subject to protection from disclosure, and confidential, proprietary, and/or trade secret information protected from disclosure. The Parties also desire to memorialize an agreement regarding the inadvertent production of Documents and Information protected by attorney-client privilege, the attorney work product doctrine, or other doctrines of similar effect.  Accordingly, the Parties hereby stipulate to, and petition the Court to enter, this Stipulated Protective Order.

2.2.    The Parties understand and acknowledge that this Stipulated Protective Order does not confer blanket protection on all Disclosures or responses to discovery, and that the protection this Stipulated Protective Order affords from public Disclosure and use extends only to the Documents, Testimony, or Information designated as set forth below.

2.3.    With the understanding that this Stipulated Protective Order creates no entitlement to file Confidential Materials under seal, the Parties expressly agree that Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.4.    The entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including, but not limited to, any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Confidential Materials, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in Court or in other settings that might reveal Confidential Materials.

**4.    DURATION**

4.1.    <u>Effective Date.</u>    The Parties agree that this this Stipulated Protective Order shall become fully effective and enforceable upon the Parties' execution of the Stipulated Protective Order and shall remain effective even after the termination of the Proceeding unless and until a Designating Party agrees otherwise in writing or a court of competent jurisdiction (including, but not limited to the Court assigned to this Proceeding) orders otherwise.

4.2.    ~~Impact of Refusal to Enter Protective Order.~~  ~~In the event that the Court declines to approve this Stipulated Protective Order, it shall cease to have legal effect and Confidential Materials (including all copies thereof and notes relating thereto) shall be returned to their respective Producing Party.~~

4.3.    <u>Duration of Enforceability</u>.    This Stipulated Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulated Protective Order.

4.4.    <u>Continued Jurisdiction to Enforce</u>.    To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulated Protective Order, even after the Proceeding is terminated.

\\

\\

## 5. DESIGNATION OF CONFIDENTIAL MATERIAL

### 5.1. Right to Designate

5.1.1. A Designating Party shall have the right to designate any Documents, Testimony, or Information produced by the Designating Party for protection from Disclosure pursuant to the terms of this Stipulated Protective Order that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

5.1.2. A Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that Documents, Testimony, or Information were mistakenly designated for protection pursuant to this Stipulated Protective Order, the Designating Party must notify all other Parties that it is withdrawing the mistaken designation.

### 5.2. Categories of Designation

5.2.1. A Designating Party may designate Documents, Testimony, or Information produced by the Designating Party as "CONFIDENTIAL" that a Designating Party in good faith believes to contain or refer to non-public information that is confidential or proprietary to the Designating Party and where public disclosure of this private and confidential information may cause embarrassment, undue burden, and/or financial or competitive harm to the Designating Party.

### 5.3. Timing of Designation.

Except as otherwise provided in this Stipulated Protective Order, all Documents, Testimony, or Information to be designated for protection pursuant to this Stipulated Protective Order must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced.

### 5.4. Manner of Designation

5.4.1. For Documents (apart from transcripts of depositions or other

pretrial or trial proceedings), the Designating Party must affix the label "CONFIDENTIAL" on each page of any Document containing such designated Confidential Material. The "CONFIDENTIAL" designation should not obscure or interfere with the legibility of the designated Documents or the Information contained therein.

5.4.2. For Testimony given in depositions, the Designating Party may either: (a) identify on the record, before the close of the deposition, all Testimony that is "CONFIDENTIAL" by specifying all portions of the Testimony that qualify for the designation; or (b) designate the entirety of the Testimony at the deposition as "CONFIDENTIAL" before the deposition is concluded with the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript. In circumstances where only some portions of the deposition Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" Information may be separately bound by the court reporter, who must affix the appropriate designation to the top of each page, as instructed by the Designating Party.

5.4.3. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the "CONFIDENTIAL" designation. If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protectable portions and their designation.

## 6. INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL

6.1. <u>Inadvertent Production Shall Not Constitute a Waiver</u>. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a

"CONFIDENTIAL" designation shall be without prejudice to any claim that such item is "CONFIDENTIAL" and such Party shall not be held to have waived any rights by such inadvertent production.

6.2.    Notice of, and Response to, Inadvertent Production

6.2.1. In the event that any Document, Testimony, or Information that is subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "CONFIDENTIAL" (the "Inadvertent Production Notice").

6.2.2. Upon receipt of an Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such Document, Testimony, or Information to Counsel for the Producing Party and shall retain only the designated Confidential Materials.  Should the Receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the Receiving Party shall notify the Producing Party in writing of such destruction within ten (10) days of receipt of the Inadvertent Production Notice.   This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law shall govern.

**7.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

7.1.    Inadvertent Production Shall Not Constitute a Waiver.  The inadvertent

production by any of the undersigned Parties or Non-Parties to the Proceedings of any Privileged Material shall be without prejudice to any claim that such item is protected from discovery pursuant to the attorney-client privilege, the attorney work product doctrine, or other doctrines of similar effect and shall not be held to have waived any rights by such inadvertent production.

7.2. <u>Notice of, and Response to, Inadvertent Production of Privileged Material</u>

7.2.1. In the event that any Privileged Material is inadvertently produced, the Party that inadvertently produced the Privileged Material shall give prompt written notice of such inadvertent production (the "Inadvertent Disclosure of Privilege Notice").

7.2.2. Upon receipt of an Inadvertent Disclosure of Privilege Notice, the Party that received the inadvertently produced Privileged Material shall promptly destroy the Privileged Material and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such Document, Testimony, or Information to Counsel for the Producing Party. Should the Receiving Party choose to destroy such Privileged Material, the Receiving Party shall notify the Producing Party in writing of such destruction within ten (10) days of receipt of the Inadvertent Disclosure of Privilege Notice.

7.2.3. In the event that the provisions of this Section 7 conflict with any applicable law regarding waiver of the protections of the attorney-client privilege, the attorney work product doctrine, or other doctrines of similar effect through the inadvertent production of Documents, Testimony, or Information, such law shall govern.

**8. CHALLENGES TO DESIGNATION OF CONFIDENTIAL MATERIAL**

8.1. <u>Timing of Challenges</u>. Nothing in this Stipulated Protective Order shall be construed as a waiver of any Party's right to object to the designation of any

material as confidential. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, so long as the Party exercised reasonable diligence in doing so.

8.2. <u>Duty to Meet and Confer</u>.

8.2.1. In the event that a Party or Non-Party objects to and wishes to challenge the designation of any Confidential Materials, the Party or Non-Party shall advise the Designating Party, in writing, of (a) the specific Documents, Testimony, or Information that it, in good faith, does not believe to be properly designated as "CONFIDENTIAL" under this Stipulated Protective Order; (b) the specific reasons for each objection to a "CONFIDENTIAL" designation; and (c) support for each objection (the "Designation Objections"). Upon doing so, a Receiving party shall be deemed a Challenging Party.

8.2.2. A Designating Party shall have fourteen (14) days from a Challenging Party's service of Designation Objections (calculated pursuant to California Civil Procedure Code section 1013) to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections, and/or (b) explain the basis for the chosen designation by providing the Challenging Party with the specific reasons for each challenged designation and support for each reason.

8.3. <u>Judicial Intervention</u>.

8.3.1. If a challenge to the designation of some or all Confidential Materials is not resolved during the meet and confer process set forth in Section 8.2, a Challenging Party may file and serve a motion pursuant to applicable Civil Local Rules that identifies the challenged material and sets forth in detail the basis for the

challenge (a "Designation Motion"). Each Designation Motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in this Stipulated Protective Order and sets forth with specificity the justification for the designation that was given by the Designating Party in the meet and confer dialogue. The burden of establishing the appropriateness of the confidentiality designation falls on the Designating Party.

8.3.2. Pending a final resolution of the Designation Motion by the Court, any and all existing designations on the Confidential Material(s) at issue in the Designation Motion shall remain in place, and all Parties shall continue to afford the Documents, Testimony, or Information that is the subject of the Designation Motion the level of protection to which they are entitled under the Designating Party's designation.

**9.  USE OF AND ACCESS TO CONFIDENTIAL MATERIALS**

9.1.  <u>Basic Principles</u>

9.1.1. A Receiving Party may use Confidential Materials Disclosed or produced by another Party or a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Confidential Materials may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

9.2.  <u>Confidential Materials Designated as "Confidential"</u>

9.2.1. Access to and/or Disclosure of Confidential Materials designated as "CONFIDENTIAL" shall be permitted only to the following persons:

9.2.1.1.  The Parties and their authorized agents, however, that prior to the Disclosure of Confidential Materials to any authorized agent, Counsel for the Party making the Disclosure shall (a) deliver a copy of this Stipulated Protective Order to such person, (b) explain that such person is bound to follow the terms of this Stipulated Protective Order, and (c) secure the signature of such person on a statement

in the form attached hereto as Exhibit A.

        9.2.1.2.     The Court **and its personnel**.

        9.2.1.3.     The Parties' Outside Counsel in the Proceeding, including Outside Counsel's paralegals, clerical, secretarial, and support staff, provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Confidential Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms.

        9.2.1.4.     The Parties' In-House Counsel, including In-House Counsel's paralegal, clerical, and secretarial staff, provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Confidential Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms.

        9.2.1.5.     Those officers, directors, partners, members, employees, and agents of all non-Designating Parties that Counsel for such Parties deem necessary to aid counsel in the prosecution and/or defense of this Proceeding, provided, however, that prior to the Disclosure of Confidential Materials to any person, Counsel for the Party making the Disclosure shall (a) deliver a copy of this Stipulated Protective Order to such person, (b) explain that such person is bound to follow the terms of this Stipulated Protective Order, and (c) secure the signature of such person on a statement in the form attached hereto as Exhibit A.

        9.2.1.6.     Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding).

        9.2.1.7.     Professional Vendors to whom disclosure is reasonably necessary for this litigation.

        9.2.1.8.     Any deposition, trial, or hearing witness in the

Proceeding who has previously had access to the Confidential Materials or who is a current or former officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential Materials where the Confidential Materials are relevant to the testimony or anticipated testimony of such witness.

9.2.1.9.    Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials, where the Confidential Materials are relevant to the testimony or anticipated testimony of such witness, provided, however, that each such witness given access to Confidential Materials shall be advised that such Confidential Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms.

9.2.1.10.    Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall (a) deliver a copy of this Stipulated Protective Order to such person, (b) explain that such person is bound to follow the terms of this Stipulated Protective Order, and (c) secure the signature of such person on a statement in the form attached hereto as Exhibit A**;** and (d) obtain confirmation from such person, on the record and under oath, that he or she agrees to be bound by the terms of this Stipulated Protective Order..

9.2.1.11.    A deponent in this Proceeding to whom Disclosure is approved by the Designating Party in writing or on the record with respect to the particular Confidential Materials, provided that, prior to the Disclosure of the Confidential Materials, the Counsel for the Party making the Disclosure shall (a) deliver a copy of this Stipulated Protective Order to such person, (b) explain that such person is bound to follow the terms of this Stipulated Protective Order, (c) secure the signature of such person on a statement in the form attached hereto as Exhibit A, and (d) obtain confirmation from such person, on the record and under oath, that he or

she agrees to be bound by the terms of this Stipulated Protective Order.

9.2.1.12.  Experts consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing, provided, however, that prior to the Disclosure of Confidential Materials to any such Expert, Counsel for the Party making the Disclosure shall (a) deliver a copy of this Stipulated Protective Order to such person, (b) explain that such person is bound to follow the terms of this Stipulated Protective Order, and (c) secure the signature of such person on a statement in the form attached hereto as Exhibit A. Upon learning of any breach or threatened breach of this Stipulated Protective Order by any such Expert, it shall be the obligation of Counsel who made the Disclosure to the Expert to promptly notify the Designating Party's Counsel of such actual or threatened breach or threatened breach.

9.2.1.13.  Any person whom the Court orders to be provided access to the Confidential Materials in the interest of justice, upon such terms as the Court may deem proper.

9.2.1.14.  Any other person whom the Designating Party authorizes, in writing, to access a specific set of Confidential Materials designated as "CONFIDENTIAL."

9.2.2. Confidential Materials designated as "CONFIDENTIAL" shall be used by the Receiving Party solely and exclusively for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever (including, but not limited to, any other actual or threatened lawsuit).

**10.  CONFIDENTIAL MATERIALS SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS**

10.1. If a Receiving Party is served with a subpoena or any other form of compulsory process of any court, administrative or legislative body, or of any person

or tribunal purporting to have authority to seek such information by compulsory process that would compel Disclosure of any Documents, Testimony, or Information designated as Confidential Material pursuant to this Stipulated Protective Order, the Receiving Party must immediately provide written notice to the Designating Party via electronic mail ("e-mail") or fax, and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order and shall be followed by a prompt supplemental notification via express mail or overnight delivery to the Designating Party's Counsel. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.

10.2. A Receiving Party who receives a subpoena or other compulsory process seeking Disclosure of Confidential Materials subject to this Stipulated Protective Order shall cooperate to the extent necessary to permit the Designating Party to seek to quash such process, and shall not make Disclose the Documents, Testimony, or Information sought until at least ten (10) days after all Parties have received the written notice of such process as required herein. In the event that the subpoena or other compulsory process purports to require a return date of less than ten (10) days, the Party to whom the process is directed shall give prompt telephonic as well as written notice of such process and shall not produce the Documents, Testimony, or Information sought until the return date thereof. The recipient of a subpoena or other process seeking Disclosure of Confidential Materials protected by this Stipulated Protective Order may not produce any Confidential Materials prior to the date specified for production in the subpoena or other compulsory process.

10.3. Upon receipt of a subpoena or any other form of compulsory process of

any court, administrative or legislative body, or of any person or tribunal purporting to have authority to seek such information by compulsory process that would compel Disclosure of any Documents, Testimony, or Information designated as Confidential Materials pursuant to this Stipulated Protective Order, the Receiving Party must (a) immediately provide written notice to the person or entity causing the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order; and (b) promptly deliver a copy of this Stipulated Protective Order promptly to the person or entity causing the subpoena or order to issue.

10.4. The purpose of this Section 10 is to ensure that the interested persons or entities receive notice to the existence of this Stipulation Protective Order and to afford the Designating Party in this Proceeding an opportunity to attempt to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Materials.

10.5. Nothing in this Section 10 should be construed as authorizing or encouraging a Receiving Party in this Proceeding to disobey a lawful directive from another court.

**11. NON-PARTIES' RIGHT TO DESIGNATE CONFIDENTIAL MATERIAL**

11.1. Any Document, Testimony, or Information that may be produced by a Non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such Non-Party as "CONFIDENTIAL" under the terms of this Stipulated Protective Order. Any such designation by a Non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing Party to the authority of the Court in the Proceeding to resolve and

conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulated Protective Order.

**12. NOTICE OF DISCLOSURE TO NON-AUTHORIZED PARTY**

If, after execution of this Stipulated Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulated Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulated Protective Order or to a person not authorized to receive Confidential Materials under the terms of this Stipulated Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating party.

**13. WAIVER**

13.1. This Stipulated Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulated Protective Order to any Confidential Materials designated by that Party.

13.2. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

**14. SUBMISSION OF CONFIDENTIAL MATERIALS UNDER SEAL**

14.1. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material.

14.2. A Party that seeks to file under seal any Confidential Material must comply with Local Rules. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Confidential Material at issue.

14.3.  If a Receiving Party's request to file Confidential Material under seal is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Local Rules unless otherwise instructed by the Court

14.4.  The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

14.5.  Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Materials.

14.6.  At the time of trial, the Parties shall make no reference to the fact that either Party has designated certain Documents, Testimony, and/or Information as "CONFIDENTIAL" and shall not argue or imply in any way before a jury or other trier of fact that any adverse inference or presumption should be made because a Party designated certain Documents, Testimony, and/or Information as "CONFIDENTIAL."

## 15.  DUTIES AFTER FINAL DISPOSITION OF PROCEEDING

Upon written request made within thirty (30) days after the settlement or other final disposition of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof, except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulated Protective Order, all work product, one copy of each pleading filed with the Court, and one copy of each deposition together with the exhibits marked at the deposition); (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials; or (c) as to any Documents, Testimony, or other Information not addressed by (a) and (b), file a motion seeking a Court order regarding proper preservation of such Confidential Materials.  To the

extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in subsection (c) herein.

**16.    AGREEMENT TO BE BOUND**

16.1.  ~~After this Stipulated Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.~~  Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulated Protective Order, including, but not limited to, any designated Confidential Materials.

16.2. The Parties and all signatories to the Agreement attached hereto as Exhibit A agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

**17.    JOINDER OF ADDITIONAL PARTIES AFTER COURT APPROVAL**

Any Party to the Proceeding who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulated Protective Order by his, her, or its Counsel's signing and dating a copy thereof, filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulated Protective Order.

**18.    MISCELLANEOUS RIGHTS**

18.1.  <u>Right to Seek Modification or Relief</u>.  Any Party to the Proceeding (or other person subject to the terms of this Stipulated Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulated Protective Order.

18.2. <u>Right to Assert Other Objections to Production</u>. Nothing in this Stipulated Protective Order shall be construed as a waiver of any Party's right to object to the Disclosure or production of any Documents, Testimony, and/or Information or producing any on any ground not addressed in this Stipulated Protective Order.

18.3. <u>Right to Challenge Admissibility of Confidential Materials</u>. Nothing in this Stipulated Protective Order shall be construed as a waiver of any Party's right to object, on any ground, to the use of any of the material covered by this Protective Order at trial, in evidence or otherwise.

18.4. <u>Right to Seek Additional Protective Treatment</u>. Nothing in this Stipulated Protective Order shall be construed to preclude any Party from asserting in good faith that certain Confidential Materials require additional protection beyond that expressly provided for in this Stipulated Protective Order. If such protection is sought, the Parties shall meet and confer to agree upon the terms of such additional protection.

18.5. <u>Right to Injunctive Relief</u>. Because the Designating Party's legal remedies may be inadequate, the Parties agree that injunctive relief may be an appropriate remedy to prevent any person or Party from using or Disclosing Confidential Materials in violation of this Stipulated Protective Order. In the event that the Receiving Party, or any other person or entity, violates or threatens to violate any of the terms of this Order, the Parties agree that the Designating Party, with appropriate notice to the Receiving Party, may apply to the Court to obtain injunctive relief against any such persons or parties violating or threatening to violate any of the terms of this this Stipulated Protective Order.

\\
\\
\\

**STIPULATED PROTECTIVE ORDER**

**19.    STATEMENT OF GOOD CAUSE**

Federal Rule of Civil Procedure 26(c) permits the Court to grant a protective order upon a showing of good cause. Defendant in the business of, among other things, making and servicing home mortgage loans. Plaintiff is a former employee of Defendant. Among the documents that may be relevant to the issues in dispute are documents concerning home loans originated by Plaintiff and employees working under his supervision. Accordingly, the documents and information produced in this matter are likely to contain personal information of third parties that is subject to protection pursuant to the privacy protections of state and federal law, including Article I, Section I of the California Constitution. Further, certain documents and information produced in this matter are likely to contain trade secret or other confidential or commercial information that is subject to protection pursuant to Federal Rule of Civil Procedure 26(c)(1)(g). Accordingly, good cause exists here for the Court to issue a protective order.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: ___July 3, 2017___          _____

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER**

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, hereby acknowledge and certify that I may be provided with Confidential Materials in connection with the Proceeding, *Devin P. Daniels, Sr. v. Freedom Mortgage Corp.*, Case Number 2:17-cv-00146 in the United States District Court for the Central District of California. I understand and agree that any Confidential Materials I may receive in connection with the Proceeding are subject to the terms and restrictions of the Stipulated Protective Order filed in this Proceeding and also certify that I have read, understand, and agree to be bound by, the terms and restrictions contained in the Stipulated Protective Order filed in this Proceeding.

I understand that Confidential Materials, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulated Protective Order. Any Confidential Materials that I obtain pursuant to this Stipulated Protective Order will be used solely for purposes directly and necessarily relating to this Proceeding and I will not copy or use any Confidential Materials obtained pursuant to this Stipulated Protective Order except as provided and permitted therein or otherwise ordered by the Court in the Proceeding.

I understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of Confidential Materials I obtain pursuant to this Stipulated Protective Order are to remain in my personal custody until the termination of my participation in this Proceeding, whereupon the copies of such Confidential Materials shall be returned to the counsel or entity who provided the Confidential Materials to me. I further understand that the terms and restrictions contained in the Stipulated Protective Order apply to me and to

any individual acting on my behalf and I therefore certify that I will make a good-faith and diligent effort to ensure that any person acting on my behalf complies with the terms and restrictions of the Stipulated Protective Order.

I acknowledge and agree that any violation of the Stipulated Protective Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and/or other relief sought by a Party to the Proceeding. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Dated: _____     By: _____
                                                               (Signature)

_____
                                                     (Printed Name)

_____
                                (City and State Where Signed)

**STIPULATED PROTECTIVE ORDER**